

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JERALD HUBBARD,<br>    Petitioner, | Civil Action No. 7:08-cv-00063 |
| v. | MEMORANDUM OPINION |
| D. B. EVERETT, WARDEN,<br>    Respondent. | By: Hon. James C. Turk<br>Senior United States District Judge |

Petitioner Jerald Hubbard, a Virginia inmate proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner Hubbard challenges the validity of his confinement under the March 2004 judgment of the Lynchburg Circuit Court convicting him of second degree murder, possession of a firearm by a convicted felon, and use of a firearm, and sentencing him to a total of 48 years imprisonment. Upon consideration of the petition, the court is of the opinion that it should be dismissed summarily pursuant to Rule 4 of the Rules Governing § 2254 Cases.[1]

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53 (1971). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999). In Virginia, that court is the Supreme Court of Virginia. Va. Code. §8.01-654. A non-death row felon in

---

[1] A petition may be dismissed under this rule if it is clear from the petition that the petitioner is not entitled to relief.

1

Virginia can exhaust his state remedies in one of three ways, depending on the nature of the claims he is raising. First, he can file a direct appeal to the Virginia Court of Appeals. See Va. Code §17.1-406(A), with a subsequent appeal to the Supreme Court of Virginia if the Court of Appeals rules against him. Second, he can attack his conviction collaterally by filing a state habeas petition with the circuit court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. See Va. Code §8.01-654(A); §17.1-406(B). Finally, he can exhaust his remedies by filing a state habeas petition directly with the Supreme Court of Virginia. See Va. Code §8.01-654(A). Whichever route the inmate chooses to follow, it is clear that he ultimately must present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them. "The habeas petitioner carries the burden of proving exhaustion of all available state remedies." Parker v. Kelchner, 429 F.3d 58, 62 (3d Cir. 2005) (quoting Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir.1997)).

Upon receipt of Hubbard's § 2254 petition, this court filed the petition conditionally and granted Hubbard an opportunity to provide additional information about his exhaustion of state court remedies and about the timeliness of his federal petition. In fact, the court specifically advised Hubbard of the types of information the court would require in order to evaluate whether he had met the exhaustion requirements of § 2254(b). Although he submitted additional information about his financial status in response to the conditional filing order, Hubbard failed to submit any additional information about exhaustion within the time allotted by the court's order.

The § 2254 petition itself, on its face, does not demonstrate that petitioner has presented his claims to the Supreme Court of Virginia as required for exhaustion of state court remedies under § 2254(b). The statements on his § 2254 form indicate, for example, that Hubbard "appealed" his

2

conviction to the Lynchburg Circuit Court, but do not indicate any case number, result, or decision date. In answer to the question whether he sought further review by a higher state court, he answers, "No." Hubbard also denies filing any other petition, application or motion in any state court related to the challenged convictions.² At the same time on another page of the form, Hubbard asserts that he had a hearing on some unidentified motion or petition, that he appealed from the disposition of that motion or appeal, and that he has presented all grounds for relief raised in the petition to the highest state court. This contradictory and incomplete information is not sufficient to demonstrate that Hubbard has exhausted state court remedies. Even after he was granted an opportunity to meet his burden to prove exhaustion and was offered explicit instructions about what information he needed to provide, Hubbard failed to respond. As he thus fails to demonstrate that he has exhausted state court remedies, the court must dismiss his petition without prejudice.³ An appropriate final order will be entered this day.

---

²According to a telephone conversation with the clerk of the Lynchburg Circuit Court, the court has learned that a "Gerald" Hubbard was convicted and sentenced in that court and that he did file a circuit court habeas petition in March 2006; it was dismissed in August 2006, and Hubbard apparently appealed. As stated, Hubbard himself failed to provide this information to this court when expressly asked to do so. Even if Hubbard could return to court and demonstrate that the 2006 state court habeas proceedings satisfied the § 2254(b) exhaustion requirements, his federal petition is almost certainly time barred, pursuant to 28 U.S.C. § 2244(d), because Hubbard failed to file his § 2254 petition within one year from the date on which his state convictions became final. State court habeas proceedings that commenced in 2006 could not have tolled the federal time limit, because the one-year federal limitation period expired before such state court proceedings were filed.

³**Dismissal of this case "without prejudice" leaves Hubbard free to refile his federal habeas petition**, if he can also allege facts and/or submit documentation proving that he has already presented his claims to the Supreme Court of Virginia in state habeas proceedings. He is hereby advised, however, as he was advised in the conditional filing order, that his petition also appears to be untimely under § 2244(d) and is likely to be dismissed on that basis unless he can offer some evidence of extraordinary circumstances that prevented him from filing a timely petition. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003).

The Clerk of the Court is directed to send copies of this memorandum opinion and final order to petitioner.

ENTER: This 27th day of March, 2008.

/s/ James C. Turk
Senior United States District Judge